## Marilla Clark v. The American Surety Co., Impleaded with August M. Unger, Adm'r, etc.

1.  PROBATE COURT—*Power to Release Sureties.*—The Probate Court has authority to release from further liability a surety upon an administrator's bond, under proper proceedings upon the application of the administrator.

2.  SAME—*Power Over Orders, at Subsequent Terms.*—When the Probate Court has jurisdiction of the subject-matter and of the parties to a proceeding on the part of the administrator for the purpose of releasing a surety from further liability and giving a new bond, and makes an order to that effect, such order, it seems, can not be set aside after the lapse of the term at which it was made.

**Administration of Estates.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding.   Heard in this court at the March term, 1896.   Affirmed.   Opinion filed June 19, 1896.

CONSIDER H. WILLETT, attorney for appellant; DANIEL WEBSTER, of counsel.

FREDERICK F. NORCROSS, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

November 25, 1892, August M. Unger was appointed administrator of the estate of his deceased brother, Frederick

M. Unger, with the American Surety Co. as surety upon the bond of the administrator.

August M. Unger filed his petition in the Probate Court, showing his appointment as administrator, etc., his bond, and that he has collected $5,000, which is deposited in the Illinois Trust and Savings Bank. The petitioner further sets forth "that by virtue of the terms of said deposit, unless an arrangement is made with his said surety, he is unable to draw any money out of the said bank without first obtaining the assent of the said surety.

"Your petitioner further shows that the only persons interested in said estate as heirs, creditors or otherwise, are as follows: Mary Unger and Marilla Clark, both of whom are above the age of twenty-one years, who now reside in the city of Mansfield, State of Texas, respectively the mother and sister of your petitioner, and your petitioner.

Your petitioner further shows that the interested parties are anxious to invest the said money in interest-bearing securities that bear a greater rate of interest than the rate paid by the Illinois Trust and Savings Bank, and that the surety on his bond, as such administrator, refuses to allow him to withdraw any money for that purpose.

Your petitioner therefore asks that the American Surety Company be discharged and released as surety on his said bond, and that he may be permitted to give a new bond as such administrator, and in the like penalty as the first, with good and sufficient surety to be approved by this honorable court.

AUGUST M. UNGER."

Which petition was duly verified by oath of the administrator.

At the same time there was filed in the Probate Court the following:

"On hearing the petition duly verified of August M. Unger, administrator of the estate of Frederick M. Unger, deceased, praying for a discharge and release of the American Surety Co. as surety on his bond as administrator, it is ordered that upon filing a new bond with like penalty of

the first, with good and sufficient surety, to be approved by this court, that the said American Surety Co. be, and it is hereby, discharged of and from any and all liability as such surety on said bond.

"The American Surety Co., of New York, hereby consents to the entry of the above order.

AMERICAN SURETY COMPANY,

of New York.

JOSEPH T. BOWEN,

Ass't Secretary."

Thereupon there was entered in the said court the following order :

" On motion of August M. Unger, administrator of the estate of Frederick M. Unger, deceased, moving that the American Surety Co., of New York, one of the sureties on his bond as such administrator, be released from further liability on said bond, and it appearing to the court that the other surety has been notified of said application, it is ordered that said American Surety Co. be released from further liability on said bond upon said administrator filing herein his new bond in the penal sum of $10,000, with sureties to be approved by the court.

This day came August M. Unger, adm'r, and presented to the court an inventory of said estate and a report of the appraisers appointed to appraise the personal estate of decedent, showing that no personal property belonging to said estate, subject to appraisement, had come to their sight or knowledge.

And the court having examined said inventory and appraiser's report, they are each approved and ordered to be recorded."

July 19, 1893, said Probate Court in said estate, entered the following order:

" This day came August M. Unger, administrator of the estate of Frederick M. Unger, deceased, and in pursuance of the order of this court, entered herein July 18, 1893, presented to the court his new bond, as such administrator, in the penal sum of $10,000, duly executed, with Robert Con-

nelly and Thaddeus C. Pond as his sureties. And the court having examined said bond, the same is approved and ordered to be recorded. Said administrator also presented to the court his report duly verified, showing that he has collected from the Northwestern Mutual Life Insurance Co., of Milwaukee, Wis., the sum of $5,000, and that he has expended in the costs of administration the sum of $21.85, leaving a balance in his possession amounting to $4,978.15, and that there is no other property belonging to said estate.

And the court finding said report to be true, it is ordered that the American Surety Co., surety on the former bond of said administrator, be and is hereby discharged from all further liability on said bond."

The bond of August M. Unger, as administrator of Frederick M. Unger, in the sum of $10,000, with Robert Connelly and Thaddeus C. Pond as sureties, contains the following recital:

" And whereas, by an order of (said) Probate Court," made July 18, 1893, " other bond and security has been required of said administrator,

" Now, therefore, if the said administrator shall well and truly have kept and performed, and shall well and truly keep and perform the conditions of the bond first given, as aforesaid, in all respects according to law, and shall in all respects have performed and continue to perform the duties of his office, as aforesaid, then this obligation to be void; otherwise to remain in full force and virtue."

February 5, 1895, it appears that appellant having moved in the Probate Court for a vacation of the aforesaid orders entered by it, her motion was denied.

Upon appeal by her to the Circuit Court, her motion was by that court denied, whereupon she prosecutes an appeal to this court.

It is urged by appellant that the following provision of the statute, Sec. 35 of Chap. 3, is the only authority under which the Probate Court can release or discharge from further liability a surety upon the bond of an administrator.

" Whenever any surety on the bond of any executor or

administrator desires to be released from further liability upon any such bond, he may petition the court in which said bond is filed for that purpose, and upon notice being given to the executor or administrator, as the court may direct, the court shall compel such executor or administrator, within a reasonable time to be fixed by the court, to settle and adjust his accounts, and pay over whatever balance may be found in his hands, and file in such court a new bond in such penalty and security as may be approved by the court, which being done, the surety may be discharged from all liability on such bond."

This statute is for the benefit of a surety, may be invoked by him, and provides a method by which he can compel an administrator to settle and adjust his accounts, pay over whatever balance is found to be in his hands, file a new bond, and thus entitle the surety to a discharge from all liability on the bond he has signed.

In the present case it was the administrator who desired and asked that the surety be released.

This the administrator did because, in order to obtain the surety, he had agreed to deposit the money of the estate, all the property it had, in a certain bank, with an arrangement that he could draw no money therefrom, except by the assent of the surety. To get rid of such arrangement, the administrator asked that the surety be released, and he, the administrator, be permitted to give a new bond with good and sufficient surety to be approved by the court; to such discharge the surety consented, and upon the presentation of a new inventory and the filing of a new bond in the sum of $10,000 with surety, the same having been approved by the court, an order was entered discharging the appellee from all further liability upon the bond signed by it.

As authority to release a surety upon his petition is expressly given, the statute would seem to authorize a release upon petition by the administrator and assent of the surety and other necessary proceedings being had.

The release in the present case was only from further liability. The American Surety Company, so far as the order of the Probate Court is concerned, is yet liable in ac-

cordance with its bond, for acts, losses, etc., had prior to the giving of the new bond.

Our attention has not been called to any case in which it has been held that as to further liability a surety may not be discharged by order of the Probate Court.

The question of whether the administrator had, prior to such order, failed to comply with the conditions of his bond, does not here arise. The order of the Probate Court did not impair the obligation of any contract or release a suretyship as to anything then existing.

The Probate Court has, by express statute, authority, under proper proceedings, to release a surety.

Proceedings for such end were instituted, the administrator and the surety were before the court when its order was made, having jurisdiction of the subject-matter and the parties, and it would seem that after the lapse of the term at which such order was made the court could not set aside such order.

Jurisdiction is the power to hear and determine a cause. Vaughn v. Condon, 56 Vt. 111–127.

Mere irregularities in a proceeding do not make a judgment invalid.

It is manifest that the surety company, having in consequence of such order released the protection it had, its hold upon the fund, opportunity to see that none of it was misapplied, great injustice might be done by a setting aside of the order upon the faith of which it gave up the security it possessed.

The order of the Circuit Court is affirmed.